1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10   ADRON BATES,                          )   Civil No. 08cv1625 JAH(PCL)
                                           )
11                    Petitioner,          )   **ORDER DENYING CERTIFICATE**
     v.                                    )   **OF APPEALABILITY**
12                                         )
     KEN CLARK, Warden,                    )
13                                         )
                      Respondent.          )
14   _____   )

15          On September 4, 2008, petitioner, a state prisoner, filed a petition for writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the Honorable

17   Peter C. Lewis, United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)B) and

18   Local Rule HC.2(a).  Judge Lewis issued a report and recommendation  ("report") on May

19   7, 2009, recommending that this Court dismiss the petition, finding that the petitioner

20   was not entitled to relief on his claims.  Petitioner filed objections to the magistrate judge's

21   findings and conclusions contained in the report on June 9, 2009.   This Court

22   subsequently overruled petitioner's objections, adopted the report it its entirety and

23   dismissed the petition for not raising a claim entitled to relief.

24          On December 28, 2009, petitioner filed a notice of appeal of the Court's order.

25   Although petitioner does not expressly seek a certificate of appealability, this Court *sua*

26   *sponte* considers whether a certificate of appealability should be granted.   *See*

27   Fed.R.App.P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997)("If no

28   express request is made for a certificate of appealability, the notice of appeal shall be

                                                                                    08cv1625

1   deemed to constitute a request for certificate).

2   A certificate of appealability is authorized "if the applicant has made a substantial
3   showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To meet this
4   threshold showing, petitioner must show that: (1) the issues are debatable among jurists
5   of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the
6   questions are adequate to deserve encouragement to proceed further.   Lambright v.
7   Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473
8   (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).

9   Here, the petitioner presents two issues: 1) whether petitioner was denied his rights
10   to Due Process and a fair trial because members of the jury saw the petitioner in jail
11   clothing; and 2) whether petitioner's right to effective assistance of counsel as guaranteed
12   by the Sixth Amendment was violated when his attorney failed to object to his presence
13   at trial in jail clothing.   As to petitioner's first claim, a criminal defendant may not be
14   compelled to appear in front of a jury wearing identifiable prison clothing because it could
15   impair the presumption of innocence.   Estelle v. Williams, 425 U.S. 501, 503 (1976);
16   United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir. 1985).   However, this Court
17   found that the petitioner's failure to make a timely objection regarding his clothing during
18   the trial was sufficient to negate the presence of compulsion that is necessary to establish
19   a constitutional violation.   *See* Doc. # 14 at 8-9 (citing Estelle, 425 U.S. at 512-13
20   (1976)).

21   As to petitioner's alternative claim, this Court found that petitioner's right to
22   effective counsel was not violated because petitioner did not show he was prejudiced by
23   his counsel's failure to make an objection.   *See* Doc # 14 at 12.   Furthermore, this Court
24   found petitioner provided no proof there was a reasonable probability the outcome of his
25   trial would have been different had he been given a new set of civilian clothes.   *See* Doc #
26   14 at 12.   Because of the foregoing reasons, petitioner cannot show "a probability sufficient
27   to undermine confidence in the outcome [of the trial]" and therefore cannot prove a
28   violation of his right to effective counsel. Strickland v. Washington, 466 U.S. 668, 694

08cv1625

(1984).

This Court finds petitioner's claims do not present a question of substance debatable among jurists, nor do the claims raise serious and substantial legal concerns that implicate his constitutional rights. <u>Lambright</u>, 220 F.3d at 1024-25. Accordingly this Court **DENIES** a certificate of appealability as to the claims presented.

DATED: January 13, 2010

JOHN A. HOUSTON
United States District Judge

3